| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X<br>DAVID ULRICH,<br>　　　　　　　　　　Plaintiff,<br>　　　　-against-<br>JOHN O'KEEFE,<br>　　　　　　　　　　Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: __6/3/2024__<br><br>Civil Action No.: 23-cv-00686-MKV |

## STIPULATED PROTECTIVE ORDER

　　Discovery in this Action is likely to involve trade secrets, tax information, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable and necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information pursuant to Federal Rule of Civil Procedure 26(c)(1) is justified in this matter, as follows:

　　　　a.　"Protected Information" is any information designated as Confidential or Highly Confidential – Attorneys' Eyes Only under this Stipulated Protective Order and any copies, abstracts, summaries, or information derived from such Confidential Information or Highly Confidential Information – Attorneys' Eyes Only. Information is not Protected Information if it is in the public domain at the time of

disclosure, is known to the public, or was known to the Recipient without obligation of confidentiality before the Producer disclosed it. Information is likewise not Protected Information if a person lawfully obtained it independently of this Action.

2. **<u>"Outside Counsel" is an attorney or attorneys who are not employees of a Party to this Action but have been retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.Definitions</u>**:

"Confidential Information" is any oral, written, or recorded information, document or thing, or any data derived from such information, document, or thing, including any summaries, compilations, quotes, or paraphrases that a party reasonably and in good faith believes to contain confidential information within the meaning of Fed. R. Civ. P. 26(c)(l) used by it in, or pertaining to, its business and that is not generally known, and which that party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

      a.    "Party" means a named Party in this case.

      b.    "Person" means an individual or an entity.

      c.    "Producer" means a person who produces information via the discovery process in this case. A Producer does not have to be a Party, and all Producers in this case can designate information as Confidential or Highly Confidential – Attorneys' Eyes Only under this Stipulated Protective Order.

      d.    "Recipient" means a person who receives information via the discovery process in this case.

"Highly Confidential Information – Attorneys' Eyes Only" is information that is Confidential as defined above and that the Producer reasonably and in good faith believes is of such nature and character that disclosure of such information to anyone other than

Outside Counsel would be harmful to the designating Party. For example, Highly Confidential Information – Attorneys' Eyes Only may include particularly sensitive technical information relating to research for and production of current products, such as product specifications, product metrics, and product efficiencies; technical, business, and research information regarding future products, terms of compensation for specialized service, non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, competitive and market differentiation analyses, operational sales support and sales pipeline information, pricing data, revenue data, profitability data, product metrics, profitability drivers, cost data, customer orders, customer quotations, and lists of customers, clients, vendors, or providers; information related to proprietary infrastructure, workflow, and analytic technologies; confidential business information, such as specialized business plans, merger and acquisition considerations, and short-term and long-term competitive strategies; any pending or abandoned patent applications, foreign or domestic; and such other documents, information, or materials that relate to other proprietary information.

      a.    "Electronically Stored Information" is information that is created or stored electronically, including writings, drawings, graphs, charts, photographs, presentations, spreadsheets, videos, sound recordings, images, and other data or data compilations, and shall have the same meaning as used in Fed. R. Civ. P. 34(a)(1)(A).

3.    **Designation of Protected Information**:

    a.    A Person's designation of Protected Information under this Stipulated Protective Order means that the Person believes in good faith, upon reasonable

inquiry, that the information qualifies as such.

    b. A person designates information in a document or thing as Protected Information by clearly and prominently marking it on its face the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.  Protected Information that cannot be marked on its face (e.g., videotape, audiotape, etc.) may be designated as Protected Information by clearly labeling the outside of such media with the appropriate legend.  Electronically Stored Information produced in native file format can be designated as Protected Information by identifying the files (by file name and/or bates number) as either Confidential or Highly Confidential – Attorneys' Eyes Only in a letter, coversheet, metadata, or email accompanying the production sent to the Recipient.

    c. A Producer may make documents or things containing Protected Information available for inspection and copying without marking them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked with the appropriate designation before providing them to the Recipient.

    d. With respect to any depositions that involve a disclosure of Protected Information, testimony given at deposition may be designated as Confidential Information and/or Highly Confidential Information – Attorneys' Eyes Only by Outside Counsel by· making a statement orally to that effect on the record at any time during the deposition. The Producer shall have until thirty (30) days after receipt of the final, certified deposition transcript within which to inform all Parties that portions of the transcript are

to be designated Confidential Information and/or Highly Confidential Information – Attorneys' Eyes Only, which period may be extended by agreement of the Parties. Deposition transcripts shall be treated by default as Highly Confidential Information – Attorneys' Eyes Only until the expiration of the time to make a confidentiality designation unless otherwise agreed by the Parties. Upon being informed that certain portions of a deposition are to be designated as Protected Information, each Party shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Stipulated Protective Order. Objections to confidentiality designations under this paragraph shall be governed by the procedure set forth in Paragraph 3 below.

   e. A person's failure to designate a document, thing, or testimony as Protected Information does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony and shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

   f. A person who has designated information as Protected Information may withdraw the designation by written notification to all Parties.

   g. Entering into, agreeing to and/or producing or receiving information designated as Protected Information or otherwise acting in accordance with the terms of this Stipulated Protective Order, or failing to object thereto, shall not:

      i. operate as an admission by any Party that any particular information comprises or reflects trade secrets, proprietary or commercially sensitive information or

        any other type of confidential information;

  ii. operate as an admission by any Party that the restrictions and procedures set forth herein constitute reasonable security measures or protection for any particular information designated by any Party to be Protected Information;

 iii. prejudice or waive in any way the rights of the Parties to object to the production of documents they consider not subject to discovery for any reason;

 iv. prejudice or waive in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulated Protective Order;

  v. prejudice or waive in any way the rights of a Party to seek determination by the Court whether any Protected Information should or should not be subject to the terms of this Stipulated Protective Order;

 vi. prejudice or waive in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential information;

 vii. prejudice or waive in any way any claim or defense in this Action; or

viii. prevent the Parties to this Stipulated Protective Order

from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular Protected Information.

4. **Challenges to Designations of Protected Information**:

a. The Parties shall use reasonable care when designating Protected Information. Nothing in this Stipulated Protective Order shall prevent a Recipient from contending that any Protected Information has been improperly designated. The Recipient may at any time request that the designating Party cancel or modify the designation with respect to any document or any information contained therein. A Party shall not be obligated to challenge the propriety of a designation of any category at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. If counsel for a Party receiving documents or information designated as Protected Information hereunder objects to such designation of any or all of such items, the following

procedure shall apply:

b. Counsel for the objecting Party shall serve the counsel of the designating Party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party or third party shall respond in writing to such objection within fourteen (14) calendar days, and shall state with particularity the grounds for asserting that the document or information qualifies as Protected Information. If no timely written response is made to the

objection, the challenged designation will be deemed to be void. If the designating Party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute, and advise one another of both the factual and legal bases for their respective positions.

        c.      If a dispute as to the designation of the Protected Information cannot be resolved by agreement, the objecting Party shall present the dispute to the Court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

5.      **Use and Disclosure of Protected Information**:

        a.      Protected Information may only be used for purposes of this case, and subject to the restrictions of this Stipulated Protective Order. Protected Information may not be used for any other purpose including, without limitation, litigation, business, competitive, or other purposes.

        b.      Absent written permission from the Producer or further order by the Court, the Recipient may only disclose Highly Confidential Information – Attorneys' Eyes Only to the following people:

        i. Outside Counsel of record, including paralegal, secretarial, and other supporting personnel assisting such counsel;

        ii. one (1) in-house counsel of each of the Parties directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate

    in this case and who is a member of at least one state bar in good standing, or, if a Party does not have in-house counsel, one (1) officer or executive of such Party who does not, whether directly or indirectly, have any operational business role that is competitive with the producing Party or have strategic input on any business that competes with the producing Party, provided he or she has signed the acknowledgement in the form attached hereto as Exhibit A;

 iii. Technical Advisors and their necessary support personnel engaged by Outside Counsel, provided they have signed the acknowledgment in the form attached hereto as Exhibit A (and subject to the provisions of Paragraph 5 of this Stipulated Protective Order).  The term "Technical Advisor" shall mean independent outside technical expert witnesses, consulting experts, or technical consultants (none of whom are employees) retained by Outside Counsel for purposes of this Action who are deemed reasonably necessary to assist such counsel in connection with this litigation;

 iv. stenographers and videographers employed for purposes of this case;

 v. outside document copying and/or document coding or

     computerization services, provided that the manager of such services has signed the acknowledgment in the form attached hereto as Exhibit A;

  vi. non-technical trial consultants, including graphics and design firms retained by counsel for the Recipient for the purpose of preparing demonstratives or other exhibits, including their supporting personnel, provided that each such consultant has signed the acknowledgment in the form attached hereto as Exhibit A;

  vii. the Producer, including officers and employees of the Producer;

  viii. the authors, senders, addressees or intended copy recipients of such Protected Information; and

  ix. the Court, its employees, and personnel assisting the Court.

 c. Absent written permission from the Producer or further order by the Court, the Recipient may only disclose Confidential Information to the following people:

  i. any individuals set forth in Paragraph 4(b) above;

  ii. all in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting Outside Counsel in the litigation of this Action, and who are members of at least one state bar in good standing, or, if a Party does not have in-house counsel, one (1) officer or executive of such Party who does not, whether directly or indirectly, have any operational business role that is competitive with the producing Party or have strategic input on any business that competes with the producing Party, provided that they have signed the acknowledgment in the form attached hereto as Exhibit A; and

  iii. up to and including three (3) designated representatives

of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that each designated representative has signed the acknowledgement in the form attached hereto as Exhibit A.

6. **<u>Disclosure of Technical Advisors</u>**:

    a. Information designated by the Producing Party as Protected Information and such copies of this information as are reasonably necessary for maintaining, defending, or evaluating this Action may be furnished and disclosed to the Receiving Party's Technical Advisors and their necessary support personnel.

    b. No disclosure of Protected Information to a Technical Advisor or their necessary support personnel shall occur until that person has signed the acknowledgment in the form attached hereto as Exhibit A; and to the extent there has been an objection under Paragraph 3, that objection is resolved.

    c. A Party desiring to disclose Protected Information to a Technical Advisor shall also give prior written notice of the intended disclosure by email to all Outside Counsel and the Producer shall have fourteen (14) calendar days after such notice is given to object in writing to the disclosure. The Party desiring to disclose Protected Information to a Technical Advisor must provide the following information for each Technical Advisor: name, address, and curriculum vitae. The Party desiring to disclosure Protected Information to a Technical Advisor must also provide a listing of cases in which the Testifying Advisor has testified as an expert at trial or by deposition within the preceding five years if the

Producer requests such information in good faith, in which case such information must be provided within five (5) calendar days. No Protected Information shall be disclosed to such Technical Advisors until after the expiration of the foregoing notice period and resolution of any objection.

        d.      A Party objecting to disclosure of Protected Information to a Technical Advisor shall state with particularity the ground(s) of the objection. The objecting Party's consent to the disclosure of Protected Information to a Technical Advisor shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Protected Information to the Technical Advisor will result in specific business or economic harm to that Party.

        e.      If after consideration of the objection, the Party desiring to disclose the Protected Information to a Technical Advisor refuses to withdraw the Technical Advisor, that Party shall provide notice to the objecting Party. Thereafter, the objecting Party shall move the Court, within ten (10) calendar days of receiving such notice, for a ruling on its objection. A failure to file a motion within the ten (10) calendar day period, absent an agreement of the Parties to the contrary or for an extension of such ten (10) calendar-day period, shall operate as an approval of disclosure of the Protected Information to the Technical Advisor. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

        f.      The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to

the Technical Advisor. This "good cause" shall include a particularized showing that: (1) the Protected Information is confidential commercial information, (2) disclosure of the Protected Information likely would result in a clearly defined and serious injury to the objecting Party's business, (3) the proposed Technical Advisor is in a position to allow the Protected Information to be disclosed to or become known by the objecting Party's competitors, and (4) that the Technical Advisor's access to Protected Information may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the Technical Advisor.

      g.    A Party who has not previously objected to disclosure of Protected Information to a Technical Advisor or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to a Technical Advisor at a later time with respect to materials or information that are produced after the time for objecting to such a Technical Advisor has expired.

      7.    **Submission of Protected Information to the Court**: If it becomes necessary to include or use Protected Information in any court filing, then any such filing shall be made in accordance with Local Rule 1.11. Where a submitting Party does not file documents submitted to the Court containing its own Protected Information under seal, the submitted material will no longer qualify for protection as Protected Information under this Stipulated Protective Order after a period of five (5) calendar days have elapsed from such a submission. This period of time is afforded to allow the submitting Party, if its failure to file its Protected Information under seal was

inadvertent or unintended, a reasonable period of time to take appropriate measures to correct its filing as needed. This provision applies only to that information which has been publicly filed.

8. **Use in Court**: This Stipulation and Order does not address the use ofProtected Information for the purpose of any hearing or trial that is open to the public. If any Party wishes to maintain the confidentiality of any discovery materials in a court hearing or at trial, it shall be the responsibility of such Party to raise the issue with the Court.

9. **Document Disposal**: Within sixty (60) days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any Party to appeal any final judgment or order, or the complete settlement of all claims asserted against all Parties in this Action, discovery materials designated as Protected Information shall, at the request of the Producer, be returned to the Producer or, at the option of the Recipient, be destroyed in that time frame. Upon request, each Recipient shall provide the Producer with a letter certifying that all Protected Information required to be returned or destroyed under this paragraph has been returned or destroyed. Notwithstanding the requirements of this paragraph, Outside Counsel for a Party may retain one complete set of each propounded discovery request and the response thereto (but not any documents referenced in a Rule 33(d) response), all pleadings and other documents filed with the Court, notes, memoranda, email, correspondence or Electronically Stored Information constituting work product that was generally based on Protected Information discovery materials, hearing transcripts, and trial transcripts. The Parties will limit their incorporation of Protected Information in pleadings to only what is necessary to support the pleadings. Such Protected Information shall remain subject to all

requirements of this Stipulated Protective Order.

10. **Inadvertent Disclosure**: In accordance with Fed. R. Evid. 502(b) and Fed. R. Civ. Pro. 26(b)(5)(B), inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity does not waive the privilege or immunity if the holder of the privilege or protection took reasonable steps to prevent the disclosure and a request for return of such documents or information is made promptly after the Producing Party learns of its inadvertent production. Any dispute regarding whether the Producing Party has properly asserted the privilege or protection will be brought to the Court, if the Parties are not able to resolve it themselves.

11. **Remedies**: Because a violation of this Stipulated Protective Order by a Receiving Party could cause irreparable injury to the Producing Party, and there is no adequate remedy at law for such violation, the Parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin a Receiving Party from any intentional violation of this Stipulated Protective Order.

12. **Joinder of Parties**: Any individual or entity who becomes a Party to this Action and who has not subscribed to this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Stipulated Protective Order by having its counsel sign and date a copy thereof and filing the same with the Court and serving such signed copy upon the other Parties to this Stipulated Protective Order.

13. **Third-Party Productions**: Any documents produced by a non-party witness

in discovery in this Action pursuant to subpoena or otherwise may be designated by such non-party or by any Party or counsel for any Party as Protected Information under the terms of this Stipulated Protective Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies, as if made by one of the undersigned Parties hereto.

14. **Subpoena or Legal Process**: If a Party is served with a subpoena or court order issued in another litigation that seeks or compels disclosure of any information designated as Protected Information in this Action, that Party shall: (a) promptly notify in writing the Designating Party, including a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Information may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as Protected Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Information and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

15. **Extension and Modification**: Any time limit contemplated by this

4884-5596-5889, v. 2

Stipulated Protective Order may be extended by an agreement in writing, signed by counsel of record for each Party. Any Party may apply to the Court for a modification of this Stipulated Protective Order with notice to the other Parties and for good cause.

16. **Survival of Obligations**: This Stipulated Protective Order's obligations regarding Protected Information survive the conclusion of this Action including, without limitation, any appeals therefrom.

17. **Governance of Proceeding**: The provisions of this Stipulated Protective Order shall govern discovery and all pretrial, trial, post-trial and appellate proceedings in this Action.

**IT IS SO ORDERED**.

Dated: June 3, 2024

_____
District Judge

STIPULATED AND AGREED TO BY:

| COUNSEL FOR DEFENDANT JOHN O'KEEFE | COUNSEL FOR PLAINTIFF DAVID ULRICH |
|---|---|
| /s/ Eric S. Medina | /s/ Pearl Zuchlewski |
| Eric S. Medina, Esq. | Pearl Zuchlewski, Esq. |
| Dated: May 24, 2024 | Dated: May 24, 2024 |

4884-5596-5889, v. 2