UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   5/13/2025
```

DAVID ULRICH,

                              Plaintiff,

              -against-

JOHN O'KEEFE,

                              Defendant.

23-cv-686 (MKV)

<u>ORDER IMPOSING
SANCTIONS ON
DEFENSE COUNSEL</u>

MARY KAY VYSKOCIL, United States District Judge:

After numerous adjournments of the trial in this case and extensions of time to prepare the pre-trial materials, in an Order dated March 20, 2025, the Court directed the parties to file, by April 21, 2025, "all pre-trial submissions required by the Court's Individual Rules of Practice for a bench trial" that was scheduled to commence on May 28, 2025 [ECF No. 60]. The parties failed to submit any pre-trial materials by the court-ordered deadline. As such, on April 25, 2025, the Court issued an Order To Show Cause why the parties should not be sanctioned [ECF No. 63 ("First OTSC")]. In that First OTSC, the Court warned "counsel and the parties themselves" that failure to comply with court orders and "applicable rules" might result in sanctions, including monetary sanctions and/or preclusion of evidence. First OTSC.

On May 1, 2025, in response to the parties' continued non-compliance, the Court issued a Second Order To Show Cause why the parties should not be sanctioned [ECF No. 67 ("Second OTSC")]. In the Second OTSC, the Court specifically "admonishe[d] the parties to carefully review the Court's Individual Rules of Practice in Civil Cases because the submission of non-compliant pre-trial materials **will** result in sanctions." Second OTSC at 2 (emphasis added). The Court again warned counsel and the parties that sanctions might include monetary sanctions and/or preclusion of evidence.

1

On May 2, 2025, the parties submitted incomplete pre-trial materials on ECF and via email [ECF No. 69-1].  Thereafter, on May 7, 2025, defense counsel sent an email to Chambers stating that he had learned that Plaintiff's counsel had "previously transmitted a copy of Plaintiff's direct testimony to the Court" and, thus, defense counsel was submitting Defendant's direct testimony "[i]n an abundance of caution."

Rule 7(C) of the Court's Individual Rules clearly states that, in non-jury cases such as this (except in certain circumstances not relevant here), "[c]opies of affidavits constituting the direct testimony of each trial witness" must be submitted to the Court "[a]t the time the joint pretrial order is filed."  Thus, defense counsel's email submitting Defendant's direct testimony was not sent "[i]n an abundance of caution."  Rather, it was, at best, an untimely effort to cure his patent failure to comply with the Court's Individual Rules.  This failure by the defense is inexcusable after the Court specifically warned the parties to "carefully" review the Court's Individual Rules because "the submission of non-compliant pre-trial materials *will* result in sanctions."  Second OTSC at 2 (emphasis added).

The Court would be well within its discretion to preclude the Defendant's testimony, since the Court twice previously warned counsel and the parties that sanctions for noncompliance with court orders and applicable rules might include preclusion of evidence.  *See* First OTSC at 1; Second OTSC at 2; *see also* Fed. R. Civ. P. 16(f)(C) ("the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order"); *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) ("the district court has 'wide discretion in imposing sanctions under Rule 37'") (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).  However, because precluding the testimony in question would be a harsh

sanction in this case, the Court will instead impose the less drastic remedy of monetary sanctions on defense counsel in the amount of $500, payable to the Clerk of Court by May 23, 2025.  *See World Wide Polymers, Inc.*, 694 F.3d at 159.

**The parties remain on notice that further failure to comply with court orders and all applicable rules and to move this case toward a resolution may result in further sanctions, including: monetary sanctions on counsel and the parties; preclusion of claims, defenses, and evidence; and the case-terminating sanctions of dismissal and default judgment.**

SO ORDERED.

Date:  May 13, 2025
     New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**